IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH HAIRSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1888-B-BN |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY ET SEQ., ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case, removed from the 191st District Court of Dallas County, Texas, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 5.

Both Defendant Jack O'Boyle & Associates ("JOA") and Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I, Inc. Trust 2006-HE4, Mortgage Pass-Through Certificates, Series 2006-HE4 ("Deutsche Bank") move to dismiss Plaintiff Elizabeth Hairston's claims against them under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 9 & 11. The Court entered orders advising Hairston, who is proceeding *pro se*, of the legal standards governing Rule 12(b)(6) motions and setting deadlines for her to respond. *See* Dkt. Nos. 10 & 12. Although Hairston requested that the Court stay then-pending state proceedings while this lawsuit proceeded, *see* Dkt. No. 12 – a request that the Court denied, *see* Dkt. No.

14 – and attended a court-ordered scheduling conference, *see* Dkt. Nos. 15, 16, & 17, she failed to respond to either motion to dismiss. And the time to do so has expired.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant JOA's and Deutsche Bank's motions and dismiss this action with prejudice.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade*, 459 F.3d at 543; *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

While the United States Court of Appeals for "the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). These records include "certified copies of a deed in the public record," as well as other "highly indisputable public records" – for example, certified copies of: "a

warranty deed"; a "tax certificate[]"; or a "deed of trust." *Nguyen v. Bank of Am., N.A.*, 728 F. App'x 387, 387-88 & n.1 (5th Cir. 2018) (per curiam) (citing *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint[ – such as the facts, as alleged, are conclusory. And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).

## Analysis

I.   Jack O'Boyle & Associates

Hairston filed her initial petition in state court on March 5, 2018. *See* Dkt. No. 1-3. The next day she filed an amended petition. *See* Dkt. No. 1-5. And, on March 28, 2018 – prior to removal – Jack O'Boyle & Associates ("JOA") filed an original answer asserting affirmative defenses and a motion to dismiss. *See* Dkt. Nos. 1-11 & 1-12.

To the extent that JOA filed an answer in state court prior to removal, the Court should "treat [its Rule 12(b)(6)] motion as a motion for judgment on the pleadings under [Federal Rule of Civil Procedure] 12(c)." *Obazee v. Bank of N.Y. Mellon*, No. 3:15-

cv-1082-D, 2015 WL 4602971, at *1 (N.D. Tex. July 31, 2015) (citing FED. R. CIV. P. 12(b) ("A motion asserting [failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."); collecting cases); *see also Fisher v. Dallas Cnty.*, No. 3:12-cv-3604-D, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014) ("[T]he intent of [Federal Rules of Civil Procedure 12(g)(2) and (h)(2)] is to make clear that a party can raise by Rule 12(c) motion the defense of failure to state a claim on which relief can be granted[.]").

But that recommended treatment has no substantive effect, as the Rule 12(c) standard for dismissal on the pleadings is the same as that for Rule 12(b)(6) dismissal for failure to state a claim. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010).

Hairston identifies JOA as "a Debt Collector attorney firm." Dkt. No. 1-5 at 2. And she appears to assert against JOA, in that capacity, causes of action for wrongful eviction and/or wrongful foreclosure, to quiet title, for breach of contract, for violation of the Truth in Lending Act ("TILA"), and for intentional interference with a contractual relationship; Hairston also seeks declaratory relief. *See generally* Dkt. No. 1-5. But Hairston fails to allege what actions JOA took against her other than – as JOA admits – representing Deutsche Bank in its post-foreclosure forcible detainer proceeding against Hairston and the other occupants of the subject property. *See* Dkt. No. 9 at 2; *see also id.* at 4 ("Following its purchase at foreclosure [Deutsche Bank] caused to be served on a Notice to Vacate and Demand for Possession. Despite said demand the Subject Property remained occupied to [Deutsche Bank's] exclusion and

thus a suit for forcible detainer was filed in the Justice of the Peace Court – Precinct 4, Place 2 of Dallas County, Texas under case number JE-1800384L .... A trial date was scheduled in the Justice Court Eviction Matter to be held on February 28, 2018. Prior to this trial date Hairston filed the instant suit" in state court. (citations and emphasis omitted)); Dkt. No. 9-3 (Deutsche Bank's Original Petition for Forcible Detainer).

As grounds to dismiss whatever claims Hairston has asserted against it, JOA raises Texas's attorney immunity doctrine, *see* Dkt. No. 9 at 6-7, "which is properly characterized as a true immunity from suit, not as a defense to liability," *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 347 (5th Cir. 2016).

Under that doctrine, in short, "[a]n attorney has qualified immunity from civil liability with respect to the claims of non-clients for actions taken in connection with representing a client." *Brown v. Anderson*, No. 3:16-cv-620-D-BK, 2016 WL 6903730, at *4 (N.D. Tex. Oct. 14, 2016) (citing *Troice*, 816 F.3d at 349), *rec. adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016); *see Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (Even conduct that is "wrongful in the context of the underlying suit" is not actionable if it is "part of the discharge of the lawyer's duties in representing his or her client."); *Ortega v. Young Again Prods., Inc.*, 548 F. App'x 108, 111 (5th Cir. 2013) ("The applicability of Texas's qualified immunity doctrine depends on the kind of conduct at issue, 'not on whether the [attorney's] conduct was meritorious in the context of the underlying lawsuit.' ... Because Sean seeks recovery from McClure for actions that she took within the context of her 'office, professional training, skill, and authority [as] an attorney,' the Texas qualified immunity doctrine precludes him from

-7-

recovering for such actions." (quoting, respectively, *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App. – Houston [1st Dist.] 2005, pet. denied); *Miller v. Stonehenge/Fasa – Tex., JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998))); *see also Morse v. Codilis & Stawiarski, P.C.*, No. 4:16-CV-00279-ALM-CAN, 2017 WL 70151070, at *3 (E.D. Tex. Apr. 12, 2017) ("Attorney immunity is not unlimited, however, and 'attorneys are not protected from liability to non-clients for their actions when they do not qualify as the kind of conduct in which an attorney engages when discharging his duties to his client.' Therefore, the relevant inquiry is whether the attorney's conduct was part of discharging his duties in representing his client. If the conduct is within this context, it is not actionable." (citations and internal quotation marks omitted)), *rec. adopted*, 2017 WL 2416332 (E.D. Tex. June 5, 2017).

As the Fifth Circuit has recently explained,

> "[t]he ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." "Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." "[A]n attorney seeking dismissal based on attorney immunity bears the burden of establishing entitlement to the defense." "To meet this burden, the attorney must 'conclusively establish that [the] alleged conduct was within the scope of [the attorney's] legal representation of [the] client.'" "Texas courts occasionally grant attorney immunity at the motion to dismiss stage [where] the scope of the attorney's representation – and thus entitlement to the immunity – [i]s apparent on the face of the complaint."
> 
> ....
> 
> Whether an attorney's conduct was in the scope of his representation of a client is a legal question. Attorney immunity applies to all "actions

> taken in connection with representing a client in litigation," even wrongful conduct that is "part of the discharge of the lawyer's duties in representing his or her client," as long as it is not "entirely foreign to the duties of an attorney." For this analysis, the Supreme Court of Texas has repeatedly instructed courts to simply look to the general kind of conduct at issue and whether attorneys engage in that kind of conduct when discharging duties to a client.

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, ___ F.3d ____, No. 18-40101, 2019 WL 74715, at *3, *5 (5th Cir. Jan. 2, 2019) (footnotes omitted).

Because Hairston only plausibly alleges facts showing that JOA harmed her through its representation of Deutsche Bank in its forcible detainer proceeding against Hairston and others, JOA's "actions in this case meet the requirements for the application of qualified immunity." *Brown*, 2016 WL 6903730, at *4.

JOA's construed Rule 12(c) motion for judgment on the pleadings should therefore be granted, and Hairston's claims against JOA should be dismissed with prejudice. *See, e.g., Brown*, 2016 WL 6903730, at *4; *Morse*, 2017 WL 70151070, at *3.

II.   Deutsche Bank

   A.   **Wrongful Foreclosure/Wrongful Eviction**

"The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale." *Taylor v. Chase Home Fin., N.A.*, No. 3:13-cv-4793-M-BN, 2014 WL 1494061, at *2 (N.D. Tex. Apr. 15, 2014) (citing *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001)). "Ordinarily, Texas law recognizes three elements for a wrongful foreclosure claim: (1) 'a defect in the foreclosure sale proceedings;' (2) 'a grossly inadequate selling price;' and (3) 'a causal connection between the defect and the grossly inadequate selling price.'"

*Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018) (per curiam) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.)).

Hairston's theory of wrongful foreclosure is that the foreclosing entities here lacked standing. *See, e.g.,* Dkt. No. 1-5 at 13, 14 ("Plaintiff is informed and believes and there upon alleged that the only individual who has standing to foreclose/evict is the holder or owner of the note because they have a beneficial interest, or the holder's servicer, under Texas Law.... Plaintiff is informed and believes, and thereon alleges, that Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage .... Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing.").

Her theory is foreclosed by established precedent in this circuit. As the Fifth Circuit has held in a similar situation,

> [u]nder Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: "the grantee, beneficiary, owner, or holder of a security instrument;" a "book entry system;" or "the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4). As the record demonstrates, the deeds of trust named MERS the beneficiary of Cornerstone and MERS later assigned the deeds of trust to Deutsche Bank. As this court has concluded, "[b]ecause MERS is a book-entry system, it qualifies as a mortgagee." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Our holding in *Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code. Deutsche Bank became the mortgagee as defined under Section 51.0001(4) by valid and recorded transfer of the deeds of trust and therefore was an appropriate party to initiate non-judicial foreclosure actions against the Oakview and Claretfield properties.

*Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam); *see also Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424-25 (5th Cir. 2014) (per curiam) ("Reece contends that U.S. Bank lacked standing to foreclose on Reece's property because MERS lacked the ability to assign the Deed of Trust and, thus, U.S. Bank was not the proper party to foreclose on the home. Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust. Reece's argument is foreclosed by Fifth Circuit precedent." (citation omitted)).

Because the Court may take judicial notice that Deutsche Bank was the last assignee of record (and thus a statutory mortgagee) based on a Deed of Trust dated March 2, 2009, *see* Dkt. No. 11-2, it had standing to foreclose on Hairston's property, notwithstanding Hairston's MERS theory.

"Accordingly, all claims asserted by [Hairston] based on the theory that [Deutsche Bank] lacks authority or standing to enforce the Deed and foreclose on the Property fail as a matter of law." *Smith v. JPMorgan Chase Bank, N.A.*, No. 3:15-cv-3582-L, 2016 WL 5661645, at *4 (N.D. Tex. Sept. 30, 2016) (dismissing claims under the Texas Debt Collection Act and based on wrongful foreclosure or eviction – and a request for injunctive relief – based on this flawed assignment theory).

### B. Quiet Title

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman*, 727 F. App'x at

790 (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)).

> To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself ... with sufficient certainty to enable the court to see he ... has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (unpublished) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied)). Importantly, the plaintiff in a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

*Id.* at 790-91.

Hairston's quiet-title claim is based on a premise that securitization of the loan negatively affected the enforceability of the Deed of Trust. *See* Dkt. No. 1-5 at 17-18. But this theory is meritless and, moreover, fails to demonstrate superior title and thus advance a claim to quiet title. *See, e.g., Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014) (per curiam) ("Warren argues that he is entitled to quiet title because the note was allegedly securitized and transferred to unknown investors, thus making it impossible for BOA to have acquired ownership. The district court rejected this argument on the ground that Warren provided no legal authority for the proposition that the securitization of debt renders the note and accompanying deed of trust unenforceable. The district court explained that a number of other district courts across the country have likewise found this argument meritless. On appeal, Warren raises the same argument without providing legal authority for his claims. Even had he provided legal authority for this proposition, this argument suffers from the same defect as his previous arguments – in attacking the validity of the transfer to BOA, Warren has still not demonstrated that he has superior title. We agree with the district

court that this argument cannot substantiate his claim to quiet title." (citing *Fricks*, 45 S.W.3d at 327)).

### C. Contractual Claims

Hairston alleges claims for both breach of contract and intentional interference with contractual relationship. *See* Dkt. No. 1-5 at 18-19, 20. But both claims are conclusory, and she fails to provide plausible factual allegations to support elements essential to either claim. *See id.* Such examples include facts to show (1) that she performed under the contract and (2) that any defendant willfully or intentionally interfered with a contract. *See id.*

"[M]erely attaching a label and/or legal conclusion to no facts unique to that claim – or, at best, threadbare unique facts – is not sufficient to state a claim that is plausible on its face." *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), *rec. adopted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017). "Put another way, these claims as alleged each lack sufficient facts to support an inference that [the] defendant is responsible for a particular harm to [the plaintiff] – therefore there is no 'more than the mere possibility of misconduct,' which, of course, is not enough to state a plausible claim." *Id.* (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. State of Okla. ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556))).

### D. TILA

Hairston identifies a 2009 assignment as the basis for her TILA claim. *See* Dkt. No. 1-5 at 20 ("Every Defendant failed to provide any notice with the required information for every transfer of the note as described above, including but not limited to the purported 2009 assignment of the note from MERS to Citimortgage."). This claim is time-barred. As Judge Boyle has previously explained,

> Section 1641(g) of TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and provide the borrower with certain disclosures. 15 U.S.C. § 1641(g). BANA moves to dismiss this claim, noting that it is barred by TILA's one-year statute of limitations and that, even if it were not time-barred, it would fail to state a claim under 15 U.S.C. § 1641(g) because Rivers does not allege that BANA was transferred the rights under the Deed of Trust.
>
> Indeed, TILA claims under Section 1641(g) "are subject to a one year statute of limitations which runs from the end of the 30 days period after the date of an assignment." *Benitez v. America's Wholesale Lender*, No. H-14-953, 2014 WL 3388650, at *2 (S.D. Tex. July 9, 2014); *see also* 15 U.S.C. § 1641(e). Although Rivers objects to the validity of the assignment, he recognizes that this purported assignment occurred on November 2, 2011. Thus, BANA had thirty days from this date to provide the required notice to Rivers, and the statute of limitations on a claim based on any failure to provide such notice expired one year thereafter, or on December 2, 2012. Regrettably, Rivers did not file the present TILA claim until February 17, 2015 – over two years after the deadline to file such a claim.

*Rivers v. Bank of Am.*, N.A., No. 3:15-cv-704-B, 2015 WL 4661915, at *5 (N.D. Tex. Aug. 6, 2015) (further rejecting a claim – not made here – to equitably toll the limitations period: "Because this assignment has been part of the public record since November 2011, Rivers's insistence that the information relevant to his TILA claim

was 'concealed' or 'undiscoverable' is unavailing"; citations omitted).

### E.   Declaratory Relief

Finally, to the extent that Hairston seeks declaratory relief, *see* Dkt. No. 1-5 at 16-17, a declaratory judgment is a form "of relief based on underlying claims," *Taylor*, 2014 WL 1494061, at *4 (citing *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir.1990)). And, "[b]ecause the undersigned has determined that none of [Hairston's] claims can withstand dismissal at this time, [her] requests for declaratory and injunctive relief cannot survive." *Id.*

## III.   Leave to Amend

The Court need not grant Hairston leave to further amend her allegations. First, this is her second action removed to this Court concerning the foreclosure of this property. *See Hairston v. Specialized Loan Serv., LLC*, 3:17-cv-2801-N-BK (N.D. Tex.) (raising substantially the same claims or theories; dismissed without prejudice for failure to prosecute after defendants moved to dismiss). She filed an amended petition in state court prior to removal of this action. And she failed to respond to the motions to dismiss filed in this action. But, should Hairston wish to amend her claims once faced with these findings and conclusions, the 14-day period for filing objections affords her a fair opportunity to do so.

## Recommendation

The Court should grant Defendant Jack O'Boyle & Associates's construed Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings [Dkt. No.

9] and Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I, Inc. Trust 2006-HE4, Mortgage Pass-Through Certificates, Series 2006-HE4's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss [Dkt. No. 11] and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE